**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CHRISTOPHER W. YOUNG,

        Petitioner,  :  Case No. 1:06-cv-481

   -vs-  :  District Judge Susan J. Dlott
        Chief Magistrate Judge Michael R. Merz

WARDEN, PICKAWAY
 CORRECTIONAL INSTITUTION,
        :
        Respondent.

**REPORT AND RECOMMENDATIONS**

This habeas corpus case is before the Court for decision on the merits.

Petitioner Christopher W. Young was sentenced to an aggregate sentence of two years in connection with discovery of a methamphetamine lab at his home. Prior to trial, he filed a motion to suppress the evidence. After it was denied, he pled no contest and thereby preserved his right to appeal denial of the suppression motion. He exercised that right by appealing to the Twelfth Ohio District Court of Appeals, raising one assignment of error: "The trial court erred to the prejudice of Appellant by denying Appellant's motion to suppress and/or dismiss." The entire argument made in Appellant's Brief in the Court of Appeals revolves around the claim that Dick Kilburn, the person who made the initial entry and arrest of Petitioner, was not authorized to do so by Ohio law in that he was no longer a probation officer, having been appointed to a different position. This was the same argument made on the Motion to Suppress and which Judge Bronson denied in the trial court.

The Court of Appeals held that Dick Kilburn was a *de facto* probation officer as a matter of

Ohio law at the time he arrested Petitioner. It also rejected Petitioner's supplemental argument that application of the *de facto* officer doctrine violated his rights under the Fourth Amendment to the United States Constitution, relying on *Ryder v. United States*, 515 U.S. 177 (1995). *State v. Young*, Case No. CA 2005-01-006 (July 18, 2005)(copy attached to Doc. No. 7 as Ex. 15). Petitioner appealed to the Ohio Supreme Court, which declined to hear the case (Doc. No. 7 at Exs. 16, 18).

Petitioner then filed the instant habeas corpus action, pleading two grounds for relief:

> **Ground One:** Petitioner is imprisoned in violation of the Fourteenth Amendment.
>
> **Supporting facts:** The State of Ohio employed the *de facto* officer doctrine to secure a conviction against the Petitioner. The doctrine is inapplicable and its use violated Petitioner's right to due process.
>
> **Ground Two:** Petitioner is imprisoned in violation of the Fourth Amendment.
>
> **Supporting Facts:** The State of Ohio employed the *de facto* officer doctrine to support an otherwise illegal search and seizure. The doctrine was inapplicable and its use violated Petitioner's Fourth Amendment rights.

(Petition, Doc. No. 1, at 6-7.)

Respondent contends that Petitioner's two claims are really only one, to wit, that his Fourth Amendment rights were violated by the search and seizure which produced the evidence which formed the basis for conviction. Respondent continues by noting that Fourth Amendment claims are not generally cognizable in federal habeas corpus, pursuant to *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). In that case, the Supreme Court held federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair

opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id.* at 526. Respondent relies on *Riley* to assert that the Ohio procedures are fair in themselves and were fairly applied in this case.

Petitioner disagrees. In his Reply (Doc. No. 8), he argues in a conclusory manner that he was not given a full and fair opportunity to litigate his Fourth Amendment claim and asks that this Court expand the record to include a transcript of his suppression hearing.

The Court concludes that is unnecessary. From a review of the documents already filed, it is plain that the central focus of the motion to suppress, both in the trial court and on appeal, was Mr. Kilburn's status as a probation officer. From all of the facts recited in the various filings made on Petitioner's behalf, it is plain he had access to the underlying facts needed to make his argument on that point; in any event, the motion to suppress transcript would not add to the facts which were

available to him. The request to expand the record is denied.

The Court further concludes that consideration of Ground Two is barred by *Stone v. Powell* because Petitioner did received a full and fair opportunity to litigate his motion to suppress. His argument that Dick Kilburn did not have authority to make the arrest and search was fully considered on the merits by both the Ohio trial court and the Ohio appellate court, after permitting him to introduce all the evidence his counsel thought was necessary to litigate that issue. It is difficult to see what more could have been done to provide a full and fair opportunity to litigate the suppression motion. Of course, it did not turn out as Petitioner hoped, but that does not mean it was not fully and fairly considered. Ground Two should be denied.

Respondent argues that Ground One was not fairly presented to the state courts in that he did not make a Fourteenth Amendment claim in those courts. In other words, his claim about the *de facto* officer doctrine was embedded in his Fourth Amendment claim and not separately stated as arising under the Fourteenth Amendment.

In *Franklin v. Rose*, 811 F.2d 322 (6th Cir. 1987), the Sixth Circuit cited with approval a Second Circuit analysis in *Daye v. Attorney General,* 696 F.2d 186 (2d Cir. 1982), *after remand*, 712 F.2d 1566 (1983):

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

811 F.2d at 326, quoting 696 F.2d at 193-94; *accord*, *McMeans v. Brigano,* 228 F.3d 674, 681 (6th

Cir. 2000). The claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation. *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

Nothing Petitioner has filed in this Court really explains what his Fourteenth Amendment claim is, but it seems to be that it violates the Due Process Clause for a State to base a conviction on evidence seized by someone who is only a *de facto* officer. The only related federal law argument made on appeal was that a state officer is bound to know the limits of his own authority under state law. (Appellant's Brief, Ex. 10 to Return of Writ, at 18, citing *Peltier v. United States,* 422 U.S. 5431 (1975). This was in response to any contention that the search came within the *Leon* good faith exception. But that was not the basis of the states courts' decisions: they both held that, as a matter of Ohio law, Kilburn was within his *de facto* authority when he acted.

In his Supplemental Brief (Ex. 13 to Return of Writ), Petitioner argued the impact of *Ryder v. United States*, 515 U.S. 177 (1995), noting that in that case the Supreme Court had refused to apply the *de facto* officer doctrine to uphold the judgment of a military appellate panel when two of the judges were civilians rather than military members. However, as the Court of Appeals noted

in deciding the case, *Ryder* arose under the Appointments Clause of the United States Constitution; in other words, the judges in question had not been appointed as required by the United States Constitution. There was no holding in *Ryder* that to try a Coast Guard member before someone appointed as these civilian judges were somehow violated the Due Process Clause and indeed, since that Clause applies only to the States, such a decision would be unlikely. The Court of Appeals also noted it had found no federal cases precluding application of the *de facto* officer doctrine to Fourth Amendment claims.

Thus, even assuming that the federal claim was "fairly presented" to the state courts, it is without merit. This Court, like the state Court of Appeals, is not aware of any authority which precludes a State from applying its *de facto* officer doctrine in a search and seizure context.

The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

October 8, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Young v. Erwin R&R.wpd